IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 23 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

– against –

KENNETH E. MARSH et al.,

        Defendants.

MEMORANDUM
AND ORDER

10-CR-480

Appearances:

Michael L. Yaeger and Roger A. Burlingame, United States Attorney's Office, Brooklyn, N.Y., for the government.

Fred A. Schwartz, Adorno & Yoss, LLP, Boca Raton, Fla., for defendant Kenneth E. Marsh.

**JACK B. WEINSTEIN, United States District Judge:**

    Defendant Kenneth Marsh has been charged with wire fraud, securities fraud, securities fraud conspiracy, and investment adviser fraud conspiracy. The indictment alleges that Marsh and his coconspirators committed their crimes through a business, Gryphon Financial, that sold investment advice and a newsletter. Allegedly, the conspirators used false names, credentials, and addresses, and lied about their investment expertise and the nature of their research. More than $20 million is said to have been stolen.

    This is a garden-variety securities fraud case. It involves conventional illegal practices used with great precision and sophistication under Marsh's direction and control. Documents and testimony at pretrial hearings have supplied substantial evidence supporting the indictment.

    Marsh proposes to have a psychiatrist, Dr. Maurice Preter, testify that his mental condition precluded *mens rea*. The government moves to preclude.

Dr. Preter's academic presentations and research have been primarily in the areas of trauma and the Holocaust. He is a well respected clinical psychiatrist, teacher, and author. But he has no expertise in the forensic field on which he proposes to opine.

His report relies on an "impostor" theory that has no bearing on the state of criminal mind the government must prove. *See, e.g.*, Letter from Maurice Preter, M.D., to Fred A. Schwartz, Counsel for Defendant, at 3, 11–13 (Dec. 2, 2010) ("Preter Report"). The doctor's description of the defendant as an "impostor," driven to crime by the need for self-enhancement, does not negate an intention to defraud.

Dr. Preter concedes that Marsh was not delusional; there is ample evidence that Marsh knowingly and intentionally tried to make the people he was trying to defraud believe he was someone with status, knowledge, and education other than he himself possessed. There is none indicating that he believed his deceptions were true. Dr. Preter agrees that Marsh was aware that he was deliberately telling lies to those he defrauded. Hr'g T. Dec. 14, 2010; *see also* Hr'g T. Dec. 2010.

Conceded by Dr. Preter and defense counsel is the lack of any basis for an insanity defense. Hr'g T. Dec. 10, 2010; Hr'g T. Dec. 14, 2010. Defendant knew and knows the difference between right and wrong.

Entirely convincing is the conclusion of an expert testifying for the government, Dr. James E. Rosenberg: "There is no significant evidence that [Marsh's] capacity to form the specific intent (*mens rea*) for the crimes charged was significantly impaired due to emotional, cognitive, or other neuropsychiatric factors." Letter from James E. Rosenberg, M.D., to Michael L. Yaeger, Ass't U.S. Attorney, Oct. 18, 2010, at 49; *see also* Hr'g T. Dec. 14, 2010.

There is no proof of a recognized medical disorder or any mental disease precluding or bearing on the *mens rea* required by the crimes charged. Marsh's claim of lack of *mens rea* cannot be supported on the basis of his psychiatric problems described by Dr. Preter.

Dr. Preter's testimony would be irrelevant and confusing. *See* Fed. R. Evid. 401, 402, 403. His testimony will not assist the jury in understanding or determining a fact in issue; it is not based on supporting evidence; it is not predicated on reliable scientific principles; and it does not apply recognized methods of medicine and psychiatry to the facts of the case. *See* Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm.*, 509 U.S. 579 (1993).

The government's motion to preclude is granted.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Dated: December 15, 2010
    Brooklyn, New York