F. #2010R00826

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

KENNETH MARSH,

                Defendant.
- - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 10 2011 ★
BROOKLYN OFFICE

**STIPULATION AND ORDER**

10-CR-480 (Weinstein, J.)
10-CV-1742 (Orenstein, J.)

**WHEREAS**, on or about June 18, 2010, the Defendant, Kenneth Marsh together with others, was indicted for alleged violations of 18 U.S.C. §§ 1343 and 1348 and 15 U.S.C. §§ 80b-2(11), 80b-6 and 80b-17 (wire fraud, securities fraud conspiracy and investment advisor fraud, respectively); and

**WHEREAS**, the Indictment contained a Criminal Forfeiture Allegation pursuant to 18 U.S.C. § 981(a)(1)(C) and Title 28, United States Code, § 2461(c), giving notice of the Government's intent to seek forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the charged offenses, and all property traceable to such property, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses; and

**WHEREAS**, the defendant and his wife, Nicole Marsh, own real property subject to forfeiture under the Indictment, located at 14 Bayside Lane, Staten Island, New York 10309 "the Subject Property";

2

**WHEREAS**, on or about July 7, 2010, the United States filed a Notice of Pendency in Richmond County against the Subject Property;

**WHEREAS**, the parties agree that the Subject Property is subject to forfeiture as proceeds of the charged offenses alleged under the indictment;

**WHEREAS**, Counsel for the defendant has provided the government with a purchase agreement for the Subject Property, annexed hereto as Exhibit A;

**WHEREAS**, the United States and the defendant desire to effectuate the proposed sale and preserve the net proceeds from the sale of the Subject Property pending the resolution of the within-captioned cases;

**NOW THEREFORE IT IS HEREBY AGREED** as follows:

1. The Defendant represents that the foregoing sale is an arms-length transaction, and to the best of his understanding, is for fair market value.

2. At closing, the attorneys for the defendant will deliver, or cause the attorneys for the purchasers to deliver to a duly authorized representative of the United States a check made payable to the "United States Marshals Service" representing the net proceeds of the sale of the Subject Property, bearing the docket number 10-CR-480, along with copies of all closing documents. The duly authorized representative of the United


3

States may attend the closing scheduled by the purchaser and the defendant. Counsel for the defendant will provide the government with advanced notice of at least three (3) days, apprising the government of the time, date and location of the closing.

3. Upon receipt of the check by the duly authorized representative of the United States described in paragraph 2, the duly authorized representative will provide to the purchasers a Release of Notice of Pendency for the Subject Property, and such other releases, documents and certificates as may be necessary or appropriate to release the Subject Property from the lien of the United States.

4. The "net proceeds" are defined as the gross proceeds from the sale of the Subject Property less reasonable closing costs, as approved by the government, transfer fees, taxes and legal fees incurred by virtue of the closing of the instant sale.

5. At least three (3) business days prior to closing, the attorneys for the defendant shall present to the undersigned counsel for the United States an itemized statement of estimated costs to be incurred in connection with the closing of the sale of the Subject Property for approval by the United States.

6. The United States Marshals Service shall deposit the net proceeds into an interest bearing escrow account.

7. These funds shall be held by the United States Marshals Service pending further order of this Court.

4

8.  This Stipulation shall not be construed as an admission of wrongdoing, nor shall it serve as a waiver of any defenses or claims that any of the parties may have available to them regarding the forfeitability of the Subject Property and all proceeds traceable thereto.  This agreement is intended solely to permit an interlocutory sale of the Subject Property and to permit the net sale proceeds to remain in the custody of the United States Marshals Service, pending the outcome of the within-captioned case.

9.  The undersigned individuals signing this Stipulation on behalf of the defendant represent and warrant that they are authorized to execute this Stipulation and the representations herein are made subject to the penalties of perjury.

10.  It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page

5

for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Dated:    Brooklyn, New York
          February 28, 2011

                                        LORETTA E. LYNCH
                                        UNITED STATES ATTORNEY
                                        Eastern District of New York
                                        271 Cadman Plaza East
                                        Brooklyn, NY 11201

                                  By:   _____
                                        Karen R. Hennigan
                                        Sp. Assistant U.S. Attorney
                                        (718) 254-6254

Dated:    Woodbridge, New Jersey
          February 28, 2011

                                        KENNETH FALK
                                        Attorney for Kenneth Marsh
                                        843 Rahway Avenue
                                        Woodbridge, NJ 07095

                                  By:   _____
                                        Kenneth Falk, Esq.
                                        (732) 877-1500

SO ORDERED this 3 day
of March, 2011

_____
HONORABLE JACK B. WEINSTEIN
UNITED STATES DISTRICT JUDGE