

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RB:KH                                             *271 Cadman Plaza East*
F.#2010R00826                                     *Brooklyn, New York  11201*

March 14, 2011

<u>By ECF and Hand</u>

The Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>SEC v. Gryphon Hldgs., Inc., et al.</u>
        <u>Civil Docket No. 10-1742 (JBW)(JO)</u>

Dear Judge Orenstein:

   The government writes to concur with the submission of the Security and Exchange Commission ("SEC") in opposition to defendant Kenneth Marsh's application for the release of an additional $105,000.00 for expenses, filed on March 9, 2011. The government does not seek to modify the original negotiated agreement between the defendant and the SEC releasing seized funds, but the government objects to any further release of such funds to the defendant.  The only assets that the defendant could obtain are Gryphon's assets, which the Court has already determined Marsh has no right to, or else his personal assets that were seized pursuant to seizure warrants, after entry of the asset freeze in the parallel civil action against the defendant, <u>S.E.C. v. Gryphon Hldgs., Inc., et al.</u>, 10 CV 1742 (JBW).  All of these assets represent proceeds of crime that might be available to the thousands of victims in this case in the event of restoration or remission in this case, post-conviction.  Moreover, with regard to the assets that were seized pursuant to warrant, Marsh has not made a showing sufficient to justify release of money for attorneys' fees under <u>United States v. Monsanto</u>, 924 F.2d 1186 (2d Cir. 1991) (<u>en banc</u>) ("<u>Monsanto IV</u>").  As the SEC has addressed the civil seizure in its letter of March 9, 2011,[1] the government will focus its response on the assets seized pursuant to warrant.

---

[1] Document No. 200, <u>S.E.C. v. Gryphon Hldgs., Inc., et al.</u>, 10 CV 1742 (JBW).

The government has seized or restrained three assets in this criminal case, in addition to assets frozen by the SEC in a parallel civil action against the defendant, S.E.C. v. Gryphon Hldgs., Inc., et al., 10 CV 1742 (JBW). These three assets consist of (1) a black Porsche 911 Turbo ("the Porsche"), (2) a parcel of real property located at 661 Johnston Terrace, Staten Island ("the Johnston Terrace Property") and (3) a parcel of real property located at 14 Bayside Lane, Staten Island ("the Bayside Lane Property") (collectively the "Subject Properties"). These assets constitute or are derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1343 (wire fraud) and 18 U.S.C. § 1348 (securities fraud), and are forfeitable to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

In accordance with the Court's directive to liquidate the seized assets, the Porsche and the Johnston Terrace Property have been sold, and the Bayside Lane Property is scheduled for closing on or about March 21, 2011. As ordered, the government released three thousand dollars ($3,000.00) from the proceeds of the sale of the Porsche to the defendant prior to his bail revocation so that he could buy a car. The remaining proceeds from the sale of the Porsche and the Subject Properties will be held in escrow pending resolution of the pending criminal case.

In Monsanto IV, the Second Circuit held that, if assets are restrained, "a pre-trial adversary hearing is required where the question of attorney's fees is implicated." 924 F.2d at 1191 . The vast majority of the cases that have examined Monsanto IV have adopted what is often called the Jones-Farmer rule, so named after the Tenth and Fourth Circuits' decisions in United States v. Jones, 160 F.3d 641, 647-48 (10th Cir. 1998), and United States v. Farmer, 274 F.3d 800, 804-05 (4th Cir. 2001). Applying Jones, Farmer, and their progeny to the facts of this case, Marsh's application must be denied.

Under the Jones-Farmer rule, courts will continue post-indictment, pre-trial restraints unless and until the defendant establishes both: (1) an actual need for the restrained assets for attorneys' fees or living expenses; and (2) that there is some substantial evidence that the assets are not forfeitable. The right to a hearing and/or release of funds is triggered only after both elements have been satisfied. Jones, 160 F.3d at 647-48 (emphasis added) (defendant challenging pre-trial restraint of assets alleged to be forfeitable has initial burden of showing that she has no funds other than the restrained assets to hire private counsel or to

pay living expenses, and that there is a bona fide reason to believe the restraining order should not have been entered); United States v. All Funds (Jaeggi), No. CV-05-3971, 2007 WL 3076952, *7 (E.D.N.Y. Oct. 17, 2007) (conclusory allegations of tax obligations and inadequate assets to pay attorneys' fees and living expenses insufficient to satisfy Jones-Farmer rule). Accord United States v. Yusuf, 1999 Fed. Appx. 127, 2006 WL 2578380, *4 (3d Cir. Sept. 7, 2006) (court must require defendant to establish both Jones requirements); United States v. Morrison, No. CR-04-699, 2006 WL 2990481, *6 (E.D.N.Y. Oct. 19, 2006)(a hearing on the pre-trial restraint of assets is required only when the defendant shows that he needs the money to hire counselor for living expenses); United States v. Varner, No. 505CR00025, 2005 WL 2206083, *1 (W.D. Va. Sept. 9, 2005) (denying request for a hearing because defendant did not establish that he was "completely unable to afford counsel without resorting to the restrained assets").  Here, the defendant has made no effort to establish either prong, and has not even suggested that the seizure warrants were not supported by probable cause.  Cf. Marine Midland Bank, N.A. v. United States, 11 F.3d 1119, 1125 (2d Cir. 1993 ("In reviewing seizure warrants, we accord great deference to the probable cause determinations made by the magistrates and judges who issue warrants; we resolve any doubts in favor of upholding warrants.") (citation omitted).

Accordingly, the government respectfully requests that the Court deny the defendant's motion for the release of any additional money as all relevant assets constitute ill gotten gains traceable to the defendant's fraud and the defendant has not demonstrated otherwise.  We ask that the Court preserve all remaining forfeitable assets in the interest of maximizing the funds available to those victims through the remission or restoration processes after resolution of the case.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney
        Eastern District of New York

    By:   /s/
       Karen R. Hennigan
       Sp. Assistant U.S. Attorney
       (718) 254-6254

cc: Alan Futerfas, Esq. (for Kenneth Marsh) (by ECF)
   Cross-filed in U.S. v. Marsh et al., 10 CR 480 (JBW)(JO)